

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 6, 1947

Hon. John F. May　　　　　Opinion No. V-73
District Attorney
Karnes County　　　　　　Re: Maximum salary of District
Karnes City, Texas　　　　　　Clerk and County Treasur-
　　　　　　　　　　　　　　　er of Karnes County, Texas.

Dear Sir:

　　　　We quote the following letter from your Dis-
trict Clerk, Mr. Marvin F. Kolinek, which he wrote at
your suggestion requesting an opinion from this office
on the above subject matter:

　　　　"I have been advised by Hon. John F. May,
　　District Attorney for the 81st Judicial Dis-
　　trict, to write you in regard to the ques-
　　tions I have in mind.

　　　　"First I will state a few facts for your
　　information. We are on a salary basis. We
　　have a population of about 20,000. We have a
　　valuation of $11,280,000.

　　　　"As the present set up exists, the County
　　Judge, County Clerk, Sheriff, and Tax Assessor
　　& Collector, are receiving the maximum of $3750.
　　00 per year. The County Attorney receives $3000.
　　00 per year, and the District Clerk and County
　　Treasurer receive $2500.00 per year.

　　　　"I will appreciate it very much if you will
　　give me an opinion on this matter, as to whether
　　the District Clerk and County Treasurer may re-
　　ceive the same salary as the County Judge, County
　　Clerk, Sheriff and Tax Assessor and Collector."

　　　　Karnes County has a population of 19,248 inhab-
itants according to the 1940 Census and we are informed
by the Comptroller's office that its officials are com-
pensated on a salary basis. Therefore, the compensation
of the District and County officials of Karnes County is
governed by the provisions of Section 15 of Article 3912e
which reads in part as follows:

"The Commissioners' Court in counties having a population of less than twenty thousand (20,000) inhabitants, according to the last preceding Federal Census at the first regular meeting in January of each calendar year, may pass an order providing for compensation of all county and precinct officers on a salary basis. The Commissioners' Court in each of such counties is hereby authorized, and it shall be its duty, to fix the salaries of Criminal District Attorneys. In the event such Court passes such order they shall pay to each of said District and County officers in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by said officer in his said official capacity for the fiscal year of 1935 and not more than the maximum allowed such officer under laws existing August 24, 1935, and not more than the maximum amount allowed such officer under laws existing August 24, 1935, provided, that in counties having a population of less than twenty thousand (20,000) inhabitants, according to the last preceding Federal Census, and having an assessed valuation in excess of Ten Million ($10,000,000.00) Dollars according to the last preceding approved tax roll of such county the maximum amount allowed such officers as salaries may be increased one (1%) per cent for each One Million ($1,000.000.00) Dollars valuation, or fractional part thereof, in excess of said Ten Million ($10,000,000.00) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935; provided, however, no salaries covered by this Section shall exceed the sum of Four Thousand Five Hundred ($4,500.00) Dollars regardless of the percentage of increase in population and valuation and provided further that in all counties having a population of not less than twenty thousand and one (20,001) and not more than twenty-five thousand (25,000), according to the last preceding Federal Census and which has an assessed valuation in excess of Twenty-five Million ($25,000,000.00) Dollars according to the last preceding approved tax roll of such counties, the county judge, sheriff,

county attorney, assessor and collector of
taxes, county clerk and district clerk, the
maximum salary is hereby fixed at Three Thou-
sand and Seven Hundred and Fifty ($3,750.00)
Dollars.

"    . . . .

"(b) The Commissioners Court is hereby
authorized, when in their judgment the finan-
cial condition of the county and the needs of
the officers justify the increase, to enter an
order increasing the compensation of the pre-
cinct, county and district officers in an addi-
tional amount not to exceed twenty-five (25%)
per cent of the sum allowed under the law for
the fiscal year of 1944, provided the total
compensation authorized under the law for the
fiscal year of 1944 did not exceed the sum of
Thirty-six Hundred ($3600.00) Dollars."

Under the provisions of Section 15, Article
3912e, the County and District officials are entitled
to not less than the total sum earned as compensation
for the fiscal year 1935 and not more than the maximum
amount allowed under the law existing August 24, 1935,
plus one (1%) per cent for each $1,000,000.00 valuation
or fractional part thereof in excess of $10,000,000.00
assessed valuation.

According to the records of the Comptroller's
office, Karnes County had an assessed valuation in 1943
of $8,188,360.00 and an assessed valuation in 1946 of
$11,817,610.00. Therefore, in 1944 District and County
officials named in Article 3912e, Section 15, were not
entitled to any percentage increase over and above the
maximum amount allowed such officers under the law ex-
isting August 24, 1935, since said county did not have
an assessed valuation in excess of $10,000,000.00. The
maximum salary the District Clerk of Karnes County could
receive under the law existing August 24, 1935, as fixed
by Section 1 of Article 3883 and Article 3891 as amended
by Ch. 327, Acts of the 44th Legislature, p. 752 was
$3,000.00. The maximum salary of the County Treasurer
of Karnes County could receive under the law existing
August 24, 1935, as fixed by Article 3943 as amended by
Chapter 346, Acts of the 42nd Legislature, p. 833, was
$2,000.00.

Subdivision (b) of Section 15 of Article 3912e authorizes the Commissioners' Court to allow an additional increase in the compensation of twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944. Therefore, the Commissioners' Court of Karnes County could allow an additional increase of $750.00 (25% of $3,000.00) to the District Clerk and an additional increase of $500.00 (25% of $2,000.00) to the County Treasurer.

Since Karnes County had an assessed valuation in 1946 of $11,817,610.00, it is the opinion of this Department that the Commissioners' Court of Karnes County may fix the salary of the District Clerk two (2%) per cent over and above the maximum amount allowed such officer under the law existing August 24, 1935 ($3,000.00 plus $60.00) plus an additional increase of twenty-five (25%) per cent over and above the sum allowed under the law for the fiscal year of 1944 ($750.00). It is further our opinion that the Commissioners' Court of Karnes County may fix the salary of the County Treasurer for the ensuing year two (2%) per cent over and above the maximum amount allowed such officer under the last existing August 24, 1935 ($2,000.00 plus $40.00) plus an additional increase of twenty-five (25%) per cent over and above the sum allowed under the law for the fiscal year of 1944 ($500.00). In other words, the maximum salary that may be allowed the District Clerk of Karnes County is $3,810.00. ($3,000.00 plus $60.00 plus $750.00) and the maximum that may be allowed the County Treasurer of Karnes County is $2,540.00 ($2,000.00 plus $40.00 plus $500.00).

## SUMMARY

1. The maximum salary that may be allowed the District Clerk of Karnes County if $3,810.00.00. Articles 3883, 3891 and Article 3912e, Section 15, V. A. C. S.

2. The maximum salary that may be allowed the County Treasurer of Karnes County is $2,540.00. Articles 3943, V. A. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    *J. C. Davis, Jr.*
J. C. Davis, Jr.
Assistant

By    *John Reeves*
John Reeves
Assistant

JR:djm:mrj

APPROVED MAR. 6, 1947

*Price Daniel*
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY  BWB , CHAIRMAN